USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    12/23/25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAYMOND MUSCAT,

Plaintiff,

-v-

CONSOLIDATED EDISON CO. OF NEW
YORK d/b/a Con Edison; and ERROL
DUVAL, in his individual and official capacity,

Defendants.

Civil Case No. 24-cv-9971

[PROPOSED] **PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**

IT IS HEREBY AGREED by and between the undersigned counsel for Plaintiff Raymond Muscat and Defendants Consolidated Edison Company of New York, Inc. ("Con Edison") and Errol Duval ("Mr. Duval"), an individual (collectively, "Defendants"), that the following provisions shall govern the treatment of confidential documents and information produced by or obtained from any party during discovery in this action:

1.      Counsel for any party may designate any document, information contained in a document, information revealed in a discovery response, or information revealed during a deposition as "Confidential" or "Confidential – Attorney's Eyes Only" (hereinafter together referred to as "Confidential Information"). Confidential Information shall be stamped "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" on the face of the document.

2.      Confidential Information shall include all documents, testimony, and information contained therein, and other information designated as Confidential, if such confidential information contains trade secrets, proprietary business information, or private or sensitive information including but not limited to medical or disciplinary records, records concerning investigations by Con Edison's Office of Diversity and Inclusion ("ODI"), or other information

1

the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or to that party's employees or former employees, or otherwise infringe upon the party's privacy rights or those of its employees or former employees.

3.      "Confidential – Attorney's Eyes Only" designation shall include that non-public material the Party or person producing or disclosing discovery material may reasonably and in good faith believes contains: (i) medical, mental health or related documentation, including psychotherapy notes, medical files, patient charts, and reports; (ii) non-public criminal history; (iii) other information as the Parties may agree or which this Court subsequently affords Attorneys' Eyes Only status.

4.      Unless ordered by the Court, or otherwise provided for herein, the Confidential Information produced or obtained will be used by the person receiving such information solely for purposes of prosecuting or defending the above-captioned litigation.

5.      In the event a party challenges another party's designation of information as "Confidential" and/or as "Confidential – Attorneys' Eyes Only" , counsel shall make a good faith effort to resolve the dispute in a timely manner, in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules of the Southern District of New York, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Confidentiality Agreement constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of Confidential Information disclosed, in accordance with applicable law and Court rules.

6.      Information or documents designated as "Confidential" shall not be disclosed to any person, except:

a. The requesting party;

b. Counsel for the parties, including in-house counsel;

c. Employees and agents assigned to and needed to assist in the litigation;

d. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

e. Any person from whom testimony is taken or is to be taken in this action, except that such a person may only be shown that Confidential Information during and in preparation for his/her testimony and may not retain or copy the Confidential Information; and the Court (including any clerk, stenographer, or other person having access to any Confidential Information by virtue of his or her position with the Court), the jury at trial, or as exhibits to motions.

7.     Information or documents designated as "Confidential – Attorneys' Eyes Only" shall not be disclosed to any person, except:

a. Counsel retained specifically for this action; and Defendant's in-house counsel;

b. Any mediator or arbitrator that the Parties engage in this matter or that this Court appoints;

c. Any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this Action provided that the Party seeking to disclose the document or information provides notice to the opposing Party at least seven (7) days prior to disclosure and permit the opposing Party to object;

d. Stenographers engaged to transcribe depositions the Parties conduct in this Action; and

e. This Court, including any appellate court, its support personnel, and court reporters.

8. The disclosure of a document or information without designating it as "Confidential" or "Confidential – AEO" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided that the material is designated pursuant to the procedures set forth herein no later than the later of fourteen (14) days after the close of discovery or fourteen (14) days after the document's or information's production. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Confidentiality Agreement according to its designation.

9. Prior to disclosing or displaying the Confidential Information to any person, counsel shall:

a. inform the person of the confidential nature of the information or documents;

b. inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person; and

c. if the Confidential Information is discussed with, disclosed or displayed pursuant to paragraphs 6(c) or 6(d), the disclosing party shall inform opposing counsel in writing ten (10) days prior to discussing, disclosing or displaying the information to allow opposing counsel to object to the necessity of such and seek a protective order from the Court if warranted.

10. The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 6(c), (d), and (e) only on the condition that prior to any such display or

discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. If such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

11.    At the conclusion of litigation, the Confidential Information and any copies thereof shall be promptly (and within one hundred twenty (120) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential.

The foregoing is without prejudice to the right of any party to apply to the Court for a protective order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or to seek modification of this Agreement.

Dated: New York, New York
       December 18, 2025

       /s/ Mikaila Hernández                               /s/ Halimah I. Famuyide
         Mikaila Hernández                                   Halimah I. Famuyide
       Laine Alida Armstrong
       Advocates for Justice, Chartered Attorneys           Con Edison Law Department
       225 Broadway, Suite 1902                             4 Irving Place, 18th Floor
       New York, New York 10007                             New York, New York 10003
       Tel.: (212) 285-1400                                 Tel: (929)709-2152
       mikaila@advocatesny.com                              famuyideh@coned.com
       laine@advocatesny.com

       *Attorneys for Plaintiff*                            *Attorney for Defendants*

                              SO ORDERED.

                              December 23, 2025        _____
                                                         **Barbara Moses**
                                                         **U.S. Magistrate Judge**

                                      5

**EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Raymond Muscat v. Consolidated Edison Company of New York, Inc., et al.,* have been designated as Confidential Information. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" are confidential by Order of the Court and are subject to the terms of the Confidentiality Order.

I hereby agree that I will not disclose or display any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Signature:_____ Dated:_____

Signed in the presence of:

_____

(Attorney)

6